# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:14-cv-00073-MR
## [Criminal Case No. 1:11-cr-00107-MR-DLH-2]

| | |
|---|---|
| JAMES DOUGLAS KEITH, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]. No response is necessary from the Government.

## I. BACKGROUND

On December 6, 2011, Petitioner was indicted by the Grand Jury in this District on one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); one count of possession of a firearm by a felon, in violation of 18 U.S.C § 922(g)(1) (Count 2); and one count of possession of a firearm during and in furtherance of the drug trafficking crime charged in Count 1, in violation of

18 U.S.C. § 924(c)(1)(A) (Count 3). [Criminal Case No. 1:11-cr-00107, Doc. 11: Indictment].

Petitioner was appointed counsel and soon entered into a written plea agreement with the Government. Pursuant to this agreement, Petitioner agreed to plead guilty to Count 1 in exchange for the Government's agreement to dismiss the remaining two counts of the Indictment. [Id., Doc. 29: Plea Agreement]. On February 22, 2012, Petitioner appeared with counsel before U.S. Magistrate Judge Dennis L. Howell for his Plea and Rule 11 hearing. After being placed under oath, Petitioner averred that he could hear and understand the questions posed by the Court, that he was not under the influence of any drugs or medications, and that he had taken no medications within the last 48 hours. Petitioner filed notice with the Court prior to the hearing that he had been treated for mental illness while incarcerated within the Mississippi Department of Corrections and had been prescribed medication although he did not provide the date of treatment. [Id., Doc. 32: Addendum to Acceptance and Entry of Guilty Plea].

During the plea colloquy, the Court carefully reviewed the elements of Count 1 and the potential penalties that Petitioner faced upon conviction and Petitioner confirmed that he understood the charge and penalties if

convicted on Count 1. Petitioner averred that he understood that he could elect to plead not guilty and require the Government to prove his guilt beyond a reasonable doubt at trial and that he was agreeing to waive his right to contest the charges and had decided to plead guilty because he was in fact guilty as charged. The Government summarized the terms of the plea agreement and Petitioner averred that he understood and agreed with those terms. Petitioner acknowledged that he was satisfied with the services of his attorney and that no one had promised him a particular sentence or anything else that was not set forth in the plea agreement. Finally, Petitioner acknowledged that no one had coerced or forced him to plead guilty. The Court accepted Petitioner's plea of guilty after finding that such plea was knowingly and voluntarily entered. [Id., Doc. 31: Acceptance and Entry of Guilty Plea].

The U.S. Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. The PSR noted that Petitioner qualified as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG) based on two prior convictions for aggravated robbery, which he sustained in Tennessee in 1994, and one conviction for conspiracy to possess with intent to distribute heroin, which he sustained in Oklahoma in 2001. [Id., Doc. 47: PSR ¶¶ 21, 35, 36]. Based on a total

offense level of 33 and a criminal history category of VI, and a statutory range of not less than 5 years and not more than 40 years' imprisonment, the probation officer calculated Petitioner's Guidelines range to be 235 to 293 months in prison. [Id. ¶ 57]. After Petitioner submitted *pro se* objections to the PSR, the probation officer filed a supplement to the PSR countering those objections.[1] [Id., Doc. 50].

On March 20, 2013, Petitioner appeared with counsel for his sentencing hearing. The Court first confirmed that the answers that Petitioner provided during his Plea and Rule 11 hearing were true and that he would provide the same answers during his sentencing hearing if those same questions were then posed by the Court. Petitioner's counsel affirmed that he was satisfied that Petitioner understood the questions during the Rule 11 hearing and during the sentence hearing. Petitioner acknowledged that he intended to be bound by his guilty plea and that he was in fact guilty of the conduct charged in Count 1 of the Indictment. The Court accepted his guilty plea after finding that it was knowingly and voluntarily entered and that the Petitioner understood the charges, potential penalties and consequences of his guilty plea. The parties stipulated that

---

[1] The *pro se* objections addressed the factual circumstances surrounding Petitioner's criminal history and have no impact on the issues raised by Petitioner in this collateral proceeding.

the factual basis as set forth in the presence report supported Petitioner's guilty plea and the Court entered a judgment finding Petitioner guilty.

The Court found that Petitioner's Guidelines range was 235 to 293 months' imprisonment and then granted the Government's motion for a downward departure based on Petitioner's substantial assistance under § 5K1.1 of the Guidelines which resulted in a new range of 188 to 235 months' imprisonment.

Petitioner's counsel addressed the Court and noted that Petitioner had a long criminal history and a long history of substance abuse which had contributed to his criminal pursuits. Petitioner's counsel also noted Petitioner's desire that the Court be informed that Petitioner had Hepatitis A, B, and C. Petitioner then addressed the Court and stated that he was admitting for the first time that he was a drug addict and the drugs had controlled his decision making since he was 7 or 8 years old. Petitioner noted that he had participated in a class while awaiting sentencing that helped him to admit that he has a problem with substance abuse and that he wanted to be a productive citizen upon his release from prison.

Petitioner was sentenced to 188 months' imprisonment. In pronouncing the sentence, the Court noted for the Bureau of Prisons that

Petitioner had a long history of substance abuse and recommended that he be allowed to participate in treatment while incarcerated. The Court further noted that Petitioner had a history of mental health issues and recommended that he be allowed to participate in treatment while in BOP custody. [Id., Doc. 55: Judgment in a Criminal Case]. Petitioner further was advised of his right to appeal his conviction and sentence.

Petitioner did not file a direct appeal. Instead, in May 2013, after his time for filing a direct appeal expired, Petitioner filed a *pro se* motion questioning whether he may have benefitted from a mental health evaluation prior to sentencing. [Criminal Case No. 1:11-cr-00107, Doc. 58]. Noting that Petitioner was still represented by counsel, the Court denied Petitioner's *pro se* effort to challenge or modify his judgment. [Id., Doc. 60].

In March 2014, Petitioner filed the present § 2255 motion to vacate, the allegations of which will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and

concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this § 2255 proceeding, Petitioner raises only one ground for relief, namely, that he should have received a mental health evaluation prior being sentenced. [Doc. 1 at 4]. Petitioner contends that his counsel was ineffective in failing to move for a mental evaluation and he explains that he did not appeal his judgment because he "did not know if he [asked] the lawyer to seek a mental evaluation and he didn't do it that [Petitioner] could appeal." [Id. at 3].

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to

7

overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice, Petitioner must demonstrate "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Murray v. Carrier, 477 U.S. 478, 493 (1986) (emphasis omitted) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner falls short of meeting his burden here, then "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the performance prong, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506

8

U.S. 364, 369 (1993). Finally, in the context of a guilty plea, in order to demonstrate prejudice a petitioner must present a reasonable probability that but for counsel's allegedly deficient conduct, he would have elected to plead not guilty and insisted on proceeding to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

The Court first notes that Petitioner did not raise any claims regarding a possible mental evaluation during his Rule 11 hearing or at any time prior to entry of judgment. Petitioner did, however, admit under oath during his Rule 11 hearing that he understood the nature of the charge against him, the potential penalties and the overall nature of Rule 11 proceedings, and he acknowledged that he was satisfied with the services of his attorney and that he was in fact guilty as charged in Count 1. Moreover, Petitioner averred that he was entering his guilty plea willfully, freely and knowingly. Petitioner confirmed the knowing and voluntary nature of his guilty plea during his sentencing hearing and this Court concluded that he had in fact understood the nature of the Rule 11 proceeding and that his plea was knowingly and voluntarily entered. During sentencing, Petitioner never raised any issue as to whether he misunderstood the Rule 11 proceedings or that he might have benefitted if he was ordered to undergo a mental evaluation prior to sentencing.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement "carry a strong presumption of verity." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Courts "must be able to able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" White, 366 F.3d at 295-96 (quoting Blackledge, supra).

In his § 2255 motion, Petitioner does not contend that his mental state rendered his guilty plea unknowing or involuntary. Rather, he states in a conclusory fashion that counsel's failure to seek a mental evaluation was *per se* ineffective assistance of counsel and that he was prejudiced by this failure. This argument is without merit.

The evidence contained in his PSR demonstrates that Petitioner has a long history of drug activity and the Court credited his statement during sentencing that he has had a substance abuse problem from a very young age. The Court further considered his long history of substance abuse and mental health issues when fashioning his sentence and specifically

recommending that he be allowed to participate in treatment while in BOP custody.

After considering the record in this matter, the Court finds that Petitioner has failed to demonstrate that counsel's failure to pursue a mental health evaluation affected his ability to enter a knowing, voluntary and intelligent guilty plea, or that his attorney provided ineffective assistance of counsel in failing to seek the evaluation or that he was prejudiced by his attorney's action or omission. Based on the foregoing, the Court finds that Petitioner has failed to satisfy his burden to demonstrate any entitlement to relief in this collateral proceeding his § 2255 motion will therefore be dismissed.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 23, 2014

*[signature]*

Martin Reidinger
United States District Judge